J-S17010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY PRYOR CHEN | : | |
| | : | |
| Appellant | : | No. 2214 EDA 2023 |

Appeal from the PCRA Order Entered July 26, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001723-2019

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED JULY 17, 2024**

Anthony Pryor Chen appeals from the order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). In this Court, Appellant's counsel, Jason R. Young, Esquire, has filed an application to withdraw as counsel and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1] Upon review, we grant counsel's application to withdraw and affirm the order dismissing Appellant's petition.

---

[1] In a petition to withdraw from representation in a PCRA action, counsel is to follow the mandates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), not the requirements of **Anders** and **Santiago**, which govern withdrawals from representation on direct appeal. However, since the brief meets the more stringent requirements of **Anders**, Appellant has not been prejudiced. **See Commonwealth v. Kennedy**, 266 A.3d 1128, 1130 n.4 (Pa.Super. 2021).

We glean the following background from the certified record. On July 23, 2019, Appellant entered a negotiated guilty plea to one count each of aggravated assault and possession of a firearm prohibited stemming from an incident in which he shot his girlfriend. He was sentenced the same day to consecutive terms of five to ten years in prison on each count, for an aggregate term of ten to twenty years. Appellant did not appeal his judgment of sentence.

Over three years later, on October 11, 2022, Appellant filed the *pro se* PCRA petition at issue in the instant appeal. Therein, he asserted that the Pennsylvania Department of Corrections ("DOC") improperly "changed" his sentence because it directed that he would not be eligible for parole after serving five years in prison, but rather that he must wait until he approached the minimum of his aggregate sentence. **See** PCRA Petition, 10/11/22, at 3-4. Appellant also indicated in the petition that he was raising all three PCRA timeliness exceptions pursuant to 42 Pa.C.S. § 9545(b).

The PCRA court appointed counsel, who filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), and sought leave to withdraw his appearance. Therein, counsel asserted that the petition was untimely and that none of the purported exceptions applied, and that accordingly the court lacked jurisdiction to consider it. The court granted counsel's request to withdraw and provided notice of its intent to dismiss the petition as untimely, adopting the reasoning set forth in the letter. Appellant

filed a written response, lamenting that counsel focused the ***Turner***/***Finley*** letter on the timeliness of the petition, and attempting to expand upon and clarify the merits of his claim without addressing whether the PCRA court had jurisdiction.  The court thereafter entered an order dismissing the petition.

Appellant filed a timely *pro se* notice of appeal.  The PCRA court appointed Attorney Young to handle the appeal.  It thereafter entered a Pa.R.A.P. 1925(b) concise statement order, and Attorney Young submitted a statement of intent to withdraw pursuant to Rule 1925(c)(4).  The court subsequently filed its Rule 1925(a) opinion.

The following legal principles apply to our consideration of counsel's no-merit brief and application to withdraw:

> When presented with a brief pursuant to ***Turner***/***Finley***, we first determine whether the brief meets the procedural requirements of ***Turner***/***Finley***.  A ***Turner***/***Finley*** brief must:  (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless.  Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel.  If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa.Super. 2019) (internal citations omitted).

We are satisfied from a review of counsel's application to withdraw and brief that he has substantially complied with the technical requirements of ***Turner*** and ***Finley***.  Counsel has detailed his review of the case and the issue

- 3 -

Appellant wishes to raise. He determined that the PCRA petition was untimely and that none of the purported exceptions apply. Counsel explained that the PCRA court therefore lacked jurisdiction to entertain Appellant's claim, and that even if the court did, the argument would fail since the DOC's determination as to parole eligibility was correct. Attorney Young also sent copies of his no-merit brief and application to withdraw to Appellant and advised him of his immediate right to proceed *pro se* or with privately-retained counsel.[2] Accordingly, we consider the substance of the appeal.

This Court addresses the propriety of the PCRA court's dismissal order as follows: "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "As to legal questions, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" **Id**. (citation omitted).

We first determine whether Appellant's petition was timely, because neither this Court nor the PCRA court has jurisdiction to consider the merits of any claims raised in an untimely PCRA petition. **See Commonwealth v. Ballance**, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

_____

[2] Appellant has not filed a response or *pro se* brief.

- 4 -

judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Any petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, this Court has stated that the petitioner "bears the burden of pleading and proving an applicable statutory exception." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

Since Appellant did not appeal his judgment of sentence to this Court, it became final on August 22, 2019, thirty days after he was sentenced. *See* 42 Pa.C.S. § 9545(b)(3) (explaining that "a judgment becomes final at the conclusion of direct review, . . . or at the expiration of time for seeking the review"); Pa.R.Crim.P. 720(A)(2) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]"). There is no dispute that the instant

petition, filed in October 2022, was facially untimely. Therefore, Appellant had the burden to plead and prove one of the enumerated exceptions to the PCRA's time bar in his petition before the PCRA court could consider the merits of any of his claims.

As noted, Appellant raised all three of the § 9545(b) exceptions in his *pro se* petition. For a claim to fall within the governmental interference exception at § 9545(b)(1)(i), "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted). Similarly, in order to successfully invoke the newly-discovered facts exception under § 9545(b)(1)(ii), Appellant must "establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Finally, regarding the newly-recognized constitutional right exception set forth in § 9545(b)(1)(iii), the Pennsylvania Supreme Court has stated that a petitioner must prove that "a constitutional right was recognized by the Supreme Court of the United States or this Court" and that the right has been held, by one of those courts, to apply retroactively. *See Commonwealth v. Taylor*, 283 A.3d 178, 187 (Pa. 2022) (citation omitted).

Our review of Appellant's form PCRA petition demonstrates that while he checked the appropriate boxes to raise these exceptions, he failed to plead

the requisite facts to prove any of them. As to his governmental interference claim, he stated in total: "To correct my sentence, status sheet . . Also, [eligible] to see parole after [sixty] months served!" **See** PCRA Petition, 10/11/22, at 3 (capitalization altered). Likewise, he asserted that the relevant fact that he discovered was that the DOC "changed" his sentence "from middagated [*sic*] to aggagated [*sic*]" with no further explanation. **Id**. (capitalization altered, parentheses and emphasis removed). Appellant does not discuss when he learned of this asserted governmental interference or fact, that he filed his petition within one year of discovering them, or any due diligence he purportedly undertook to learn of them. As such, he has not met his burden of proving the applicability of either exception. **See**, **e.g.**, **Commonwealth v. Vega**, 754 A.2d 714, 718 (Pa.Super. 2000) (finding that the petitioner did not satisfy the newly-discovered facts exception when he failed to identify the date he learned of the decision from the Pennsylvania Parole Board denying parole, and therefore it could not be determined whether he acted promptly in filing his petition).

Moreover, as the Commonwealth argues in its brief, Appellant's assertion that the DOC allegedly modified his parole eligibility date is not a cognizable claim pursuant to the PCRA. **See** Commonwealth's brief at 14; **cf.** **Vega**, 754 A.2d at 718 (noting that the petitioner's "contention that the Board of Probation and Parole erred in denying him parole at his minimum date would not warrant relief under the PCRA, even if we could reach the merits of the claim"). Accordingly, even assuming that Appellant timely filed his petition

upon learning of this "fact" or purported governmental interference, he has not demonstrated how they would be of any consequence regarding the relief he requests. *See Commonwealth v. Myers*, 303 A.3d 118 (Pa.Super. 2023) (explaining that "the fact on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection **to a plausible claim for relief**" (emphasis added)).

Lastly, as to the newly-recognized constitutional right exception, Appellant does not cite any constitutional right recognized to apply retroactively by our High Court or the Supreme Court of the United States. Instead, he merely advances as follows: "I only have my transcripts from my sentencing hearing that state my sentence and when I can see parole for the first time!" PCRA Petition, 10/11/22, at 3 (cleaned up). Since he neglected to identify any constitutional right that has been determined to apply retroactively, he has not shown that this exception applies. *See Taylor*, 283 A.3d at 187.

Based on the foregoing, we agree with Attorney Young that the instant appeal is wholly frivolous. Since Appellant's underlying PCRA petition was untimely, both this Court and the PCRA lack jurisdiction to consider any claim raised therein. Thus, we grant counsel's petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

Application of Jason R. Young, Esquire, to withdraw as counsel is granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/17/2024